UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO CRESPO-TORRES,<br><br>    Petitioner,<br><br>    vs.<br><br>TIMOTHY S. ROBBINS, et al.,<br><br>    Respondents. | Case No. SACV 12-0664-JVS (RNB)<br><br>ORDER TO SHOW CAUSE |

In respondents' Notice of Related Case filed on June 7, 2012, respondents asserted that the instant habeas action is closely related to <u>Alejandro Rodriguez, et al. v. Timothy Robbins, et al.</u>, Case No. CV 07-3239-TJH (RNB) (C.D. Cal.) because: (1) the petitioner in this action is a member of the class certified in <u>Rodriguez</u>, as he is a non-citizen detained for more than six months in the Central District of California under one of four general detention statutes challenged in <u>Rodriguez</u>; (2) the due process claims asserted in this action are the same as the claims asserted in <u>Rodriguez</u>; and (3) the relief petitioner seeks in this action – a bond hearing before an immigration judge – is encompassed by the relief sought by the class in <u>Rodriguez</u>.

Petitioner did not file a counter-statement disputing that this action qualified for a related case transfer, as respondents' Notice advised him Local Rule 83-1.3.2 permitted him to do. Accordingly, on July 3, 2012, the action was transferred from

the calendar of the previously assigned Magistrate Judge to this Court's calendar.

The Court notes that the class in <u>Rodriguez</u> was certified pursuant to Fed. R. Civ. P. 23(b)(2), which does not require notice or permit members to opt out, although a court in its discretion may provide for an opt-out or notice. <u>See Crawford v. Honig</u>, 37 F.3d 485, 487 n.2 (9th Cir. 1994); <u>Tosti v. City of Los Angeles</u>, 754 F.2d 1485, 1489 n.3 (9th Cir. 1985). Here, the District Judge's order granting class certification made no such provision.

In respondents' Notice of Related Case, respondents also cited authority for the proposition that a plaintiff who is a member of a class action may not maintain a separate, individual suit for relief that is also sought by the class. <u>See Crawford v. Bell</u>, 599 F.2d 890, 892-93 (9th Cir. 1979) (affirming dismissal of individual plaintiff's action where plaintiff was a member of a pending class action raising the same claims and seeking the same equitable relief). The rule of <u>Crawford v. Bell</u> also has been applied to habeas petitioners who are members of a class action for equitable relief and who have brought individual petitions seeking equitable relief concerning the same subject matter. <u>See, e.g.</u>, <u>Campbell v. Ochoa</u>, 2011 WL 5436233, at *4-*7 (C.D. Cal. Oct. 3, 2011), <u>Report and Recommendation adopted by</u> 2011 WL 5515486 (C.D. Cal. Nov. 9, 2011); <u>Lathan v. Swarthout</u>, 2011 WL 4345826, at *3-*4 (E.D. Cal. Sept. 15, 2011); <u>Curtis v. Dickinson</u>, 2011 WL 2883253, at *4-*5 (C.D. Cal. June 9, 2011), <u>Report and Recommendation adopted by</u> 2011 WL 2883153 (C.D. Cal. July 19, 2011).

In light of the foregoing authority, petitioner is ordered to show cause, on or before August 13, 2012, why this action should not be dismissed without prejudice.

The clerk is directed to serve a copy of this Order to Show Cause on petitioner at his address of record and to also serve a courtesy copy of it on class counsel in <u>Rodriguez</u>.

DATED: <u>July 11, 2012</u>

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE